Zimmerman, J.
In asking for a reversal of the judgment of the Court of Appeals and an affirmance of the judgment *457 of the Court of Common Pleas, the defendant advances the following propositions:
1. There was a failure of proof on the part of plaintiffs that they or their property would be damaged by defendant’s quarrying operations, in the event such operations were pursued.
2. No proof was presented that the 1948 zoning resolution was effective to establish zoning of the territory here in issue, but, if it was, it was apparent from the evidence, including the testimony of plaintiffs ’ witnesses, that in 1950 the territory was in fact rezoned for heavy manufacturing.
3. Under the express provisions of Section 3180-4 et seq., General Code (Section 303.05 et seq., Revised Code), both the text and the maps with reference to a zoning plan must be taken and considered together to ascertain the intention of the agencies in control of zoning, and when this is done it is clearly indicated that the territory in issue was by the 1950 resolution made a heavy manufacturing area.
It is emphasized that there was no misunderstanding as to the effect of the 1950 resolution or any challenge to the preliminary steps leading to its adoption, and that the official zoning map, on which reliance is placed by the public, clearly reflects the action taken. Plaintiffs, who did not acquire their property until 1954, evidently accepted as a fact that there had been a rezoning, for prior to bringing the present action they joined in an attempt to have the territory returned to an agricultural and residential area. Defendant also asserts that there is no statutory requirement that the map purporting to show the actual situation with respect to zoning be incorporated by reference in the text of a zoning resolution.
Emphasis is also placed on the importance of Section 303.121, Revised Code, enacted in 1956, which ratified and validated amendments or supplements to a rural zoning plan adopted by the Board of County Commissioners prior to the effective date of such statute.
Upon a consideration of the entire record, we are convinced that the purpose and intent of the 1950 resolution of the Board of County Commissioners, though poorly and ineptly expressed in such resolution, predicated upon the recommendations of the *458 County Rural Zoning Commission, and as ultimately reflected in the zoning map, was to place the disputed territory in a heavy manufacturing district; that this was accomplished; and that any defects existing in the proceedings therefor were cured by the provisions of Section 303.121, Revised Code, enacted to accomplish such result.
We are of the opinion that the Court of Common Pleas made a correct analysis of a somewhat confusing problem and disposed of the controversy correctly. Therefore, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Taft, C. J., Matthias, O’Neill, Griffith, Deeds and Gibson, JJ., concur.
Deeds, J., of the Sixth Appellate District, sitting by designation in the place and stead of Herbert, J.